```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE M. GALE,                    :
                                  :
         Petitioner,              :   Case No. 06-cv-1266
                                  :
    v.                            :
                                  :
GERALD ROZUM,                     :   Judge Conaboy
                                  :
         Respondent.              :
_____
```

## Memorandum and Order

Before the Court is Andre M. Gale's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner seeks habeas relief based on ineffective assistance of counsel pursuant to the standard outlined by the United States Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984).  After reviewing Petitioner's claim, we find that his petition is untimely and should be dismissed.  Therefore, the instant Petition for Writ of Habeas Corpus need not be served on the named Respondent.

I.  Background

In March of 1996, Petitioner was convicted by a jury of first degree murder and criminal conspiracy in the death of fourteen year old Samuel Hicks.  (Doc. 1 at 14).  Hicks was shot and killed in Harrisburg, Pennsylvania.  (Id.).  Thereafter, Petitioner was sentenced to life imprisonment in the Dauphin County Court of Common Pleas.  (Id.).  Petitioner appealed his sentence to the Pennsylvania Superior Court where the judgment was affirmed on June 11, 1997.  (Id.).  Petitioner then appealed to the Supreme Court of

Pennsylvania and allocatur was denied on October 28, 1997.  (Id.). On September 15, 1998, Petitioner's P.C.R.A. action for ineffective assistance of counsel was denied by the Dauphin County Court of Common Pleas.  (Id. at 15).

In January of 2000, Petitioner filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254.  (Case No. 00-cv-00163; hereinafter "*Gale* 1").  On August 21, 2000, Petitioner filed a motion to dismiss his case.  (*Gale* 1; Doc. 6). On August 28, 2000, this Court granted Petitioner's motion and dismissed the case.  (Id.; Doc. 8).  In our order dismissing the case, we provided Petitioner with 120 days from the date of the order to file a new all-inclusive § 2254 petition.  (Id.).  On December 21, 2000, Petitioner's case was officially closed because Petitioner failed to re-file his § 2254 petition.  (*Gale* 1; Doc. 9).

On June 26, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to § 2254.  (Doc. 1).  Again, Petitioner claims ineffective assistance of counsel and actual innocence.  (Id.).

II.  Discussion

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996).  The AEDPA amended 28 U.S.C.

2

§ 2244 by adding a new subsection (d) which imposes a one-year period of limitation on state prisoners filing habeas petitions in federal court.  Under § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b).  The Court of Appeals for the Third Circuit has held that a petition filed within one year of the effective date of the AEDPA is timely.  Burns v. Morton, 134 F.3d 109 (3d Cir. 1998).

Here, Petitioner's last P.C.R.A. petition was denied by the Dauphin County Court of Common Pleas on September 15, 1998.  (Doc. 2 at 3).  His first Petition for Writ of Habeas Corpus was filed in this Court on January 27, 2000, more than a year after the final P.C.R.A. decision.  (*Gale* 1; Doc. 1).  Petitioner filed the instant petition on June 26, 2006, more than six years after the initial filing and more than five years after we dismissed his first claim. Clearly, the instant petition was not timely filed.  Therefore, we will analyze whether any circumstances exist so that the statute was tolled.

B.    Successive Filings

3

28 U.S.C.A. § 2244(b)(2) states that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

C.   Gale's Petition for Writ of Habeas Corpus

Petitioner seeks relief based on ineffective assistance of counsel at the trial and appellate levels and actual innocence. (Doc. 2 at 1).  The crux of Petitioner's ineffective assistance of counsel claim concerns the eyewitness testimony presented at trial. (Id.).  Keontay Hodge testified that she witnessed the murder of Samuel Hicks.  (Id.).  According to Petitioner, trial counsel failed to adequately challenge Ms. Hodge's testimony or her in-court identification of Petitioner.  (Id. at 5).

Petitioner's complaint is based on the fact that Ms. Hodge

4

identified his co-conspirators in photo spreads and only identified Petitioner in court at the preliminary hearing.  (Id. at 6). Although he includes part of the transcript in which counsel questioned the investigating detective about the identification of Petitioner, Petitioner claims that counsel failed to properly pursue this line of questioning with the eyewitness.  (Id. at 8). Furthermore, Petitioner argues that because Ms. Hodge failed to identify him in the photo spread, and only identified him in court, a Constitutionally acceptable identification of Petitioner was never made and therefore, probable cause never existed for Petitioner's arrest.  (Id. at 12).

Additionally, Petitioner claims that the circumstances surrounding the identification were overly suggestive.  (Id. at 14).  Specifically, Petitioner complains that at the time of the identification, he was wearing an orange county prison jumpsuit and was seated at the same table as Defendant Wells, who had already been positively identified by Ms. Hodge.  (Id.).  Additionally, Petitioner claims he was prejudiced by being tried along with Defendant Wells because Wells implicated him in statements to the police and did not take the stand at trial.  (Id. at 17). Therefore, Petitioner claims he was deprived of the opportunity to exercise his Sixth Amendment rights and cross-examine Defendant Wells.  (Id.).

Petitioner seeks to bring his claims pursuant to §

5

2254(b)(1)(A).[1]  (Id. at 7).  In the alternative, Petitioner submits that "[i]n light of all evidence it is more likely than not that no reasonable juror would have convicted petitioner" if not for counsel's errors.  (Id. at 8).

In his 2000 Petition for Writ of Habeas Corpus pursuant to § 2254, Petitioner sought relief because he claimed that the court provided inadequate and misleading jury instructions regarding accomplice liability.  (*Gale* 1; Doc. 1 at 21).  Specifically, Petitioner claimed that the court failed to properly describe the intent required for a murder conviction and failed to recognize that the principal actor's specific intent may not be transferred onto the accomplice.  (Id. at 23).

Because Petitioner voluntarily withdrew his original petition, this Court never addressed the merits of his first § 2254 claim. Although we provided Petitioner 120 days to re-file his petition, he failed to do so and the docket was closed on December 21, 2000. (*Gale* 1; Doc. 9).  Petitioner filed the present § 2254 petition on June 26, 2006.  Clearly, the present filing does not in any way

---

[1] 28 U.S.C. § 2254(b)(1)(A) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State.

conform to the time-table set by this Court in our 2000 order.

In the instant petition, Petitioner relies on the 'miscarriage of justice exception' to § 2254(b)(1)(A) discussed by the Circuit Court in *U.S. v. Garth*, 188 F.3d 99 (3d Cir.1999).  However, a review of the Court's decision in *Garth* reveals that it does not apply to the case at hand.  In *Garth*, petitioner presented his Petition for Habeas Corpus pursuant to the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in order to challenge his guilty plea.  *Garth*, 188 F.3d at 106.  In discussing whether a petitioner may overcome a procedural default when a claim could have been raised on direct review, the Court stated that "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice'...or that he is 'actually innocent.'"  Citing *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

It remains unclear to this Court how the present case could fit into the 'miscarriage of justice' exception discussed in *Garth*.  In *Garth,* the exception concerned the petitioner's guilty plea in light of the Supreme Court's decision in *Bailey*, which came down from the Court several years after petitioner's incarceration. *Garth*, 188 F.3d at 105.  Therefore, the petitioner in Garth presented an issue which could not have been raised on direct appeal.  (Id.).  Such is not the case in the instant petition.

7

The Supreme Court explained that the 'miscarriage of justice' exception allows a claim of actual innocence to serve as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Here, Petitioner asserts actual innocence in an effort to overcome the procedural time bar. (Doc. 2 at 2).

Neither the United States Supreme Court nor the Third Circuit have considered whether there is an "actual innocence" exception to the AEDPA's statute of limitations or whether it can be used as a basis for equitably tolling the limitations period.[2] Notwithstanding that fact, we will briefly analyze whether Petitioner has proven that he is actually innocent of the crime for which he was convicted.

The Third Circuit explained that in order to establish a claim of actual innocence,

> [A] habeas petitioner must 'persuade[ ] the district court that, in light of the new evidence, no juror, acting

---

[2] The Eighth Circuit held that § 2244(d) contains no "actual innocence" exception and that court will not read such an exception into the statute. Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S. Ct. 1361 (2003). However, the court further held that in order to equitably toll the statute of limitations on a claim of actual innocence, "a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Id. at 978.

8

> reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (quoting Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The Supreme Court has required a petitioner "to support his allegations of constitutional error with *new reliable evidence*--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. 851 (emphasis added); see also Cristin, 281 F.3d at 420. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324, 115 S.Ct. 851; see also Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (noting that the actual innocence exception "will apply only in extraordinary cases").

Sweger v. Chesney, 294 F.3d 506, 522-23 (3d Cir. 2002), cert. denied, 538 U.S. 1002, 123 S. Ct. 1902, 155 L.Ed.2d 830 (U.S. 2003).

In this case, Petitioner claims that the "totality of the facts" demonstrate his innocence. (Doc. 2 at 2). He further relies on alleged errors of counsel to support his claim. (Id.). However, Petitioner does not supply any new evidence that would persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Cristin, 281 F.3d at 420.

III. Conclusion

Based on the foregoing discussion, we find that Petitioner has not presented a claim upon which relief can be granted. Therefore, we find that Petitioner's Petition for Writ of Habeas Corpus

9

pursuant to § 2254 should be dismissed.

Date: July 25, 2006               S/Richard P. Conaboy
                                  Richard P. Conaboy
                                  United States District Judge

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ANDRE M. GALE, | : | |
| | : | |
| Petitioner, | : | Case No. 06-cv-1266 |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, | : | Judge Conaboy |
| | : | |
| Respondent. | : | |

_____

### Order

Now, this 25th day of July, 2006, the following order is entered:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to § 2254 is dismissed; and
2. The clerk of court is directed to close this case.

> S/Richard P. Conaboy
> Richard P. Conaboy
> United States District Judge